IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

RECEIVED
2006 JAN -4  P 2: 29

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

| | |
|---|---|
| TOMMY JORDAN | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| v. | ) 2:06mc3279 - F |
| | ) |
| UNITED STATES of AMERICA | ) |
| | ) |
| Respondent | |

---

### PETITION TO QUASH THIRD PARTY SUMMONS

Tommy Jordan respectfully requests this court to quash the summons issued by the Internal Revenue Service on December 13, 2005, to Richard L. Pyper ("Pyper") for those certain files prepared and maintained for and on behalf of the clients of Petitioner while engaged in the tax return preparation business known as TaxTyme, a sole proprietorship owned by Petitioner. In support hereof, Petitioner states as follows:

1. Petitioner and Pyper reside in Montgomery, Alabama. The Court has jurisdiction for this matter pursuant to §7609(h) of the Internal Revenue Code of 1986, as amended ("the Code").

2. The summons to Pyper was delivered to him via Certified U.S. Mail on December 16, 2005. Notice of such summons for Petitioner was delivered to Petitioner on December 16, 2005. A copy of the summons is attached hereto as Exhibit A. The summons seeks all documents contained in each and every client file of Petitioner.

3. The summons is invalid because notice was not given to any of the Petitioner's clients whose files are the subject of the documents requested.[1] Under the provisions of §7609(a)(1) of the Code, a taxpayer whose records are being summoned from a third party must be notified within three (3) days of date the summons was served that such records have been summoned. If the Respondent was required to give notice to Petitioner's clients of a summons served on Petitioner, logic suggests it must also give the same notice to those clients even if their files are now in the possession of someone other than the Petitioner. Respondent's failure to provide such notice does not meet the exception threshold requirements of §7609(g) of the Code.

4. The Respondent's summons is over broad, unduly burdensome, and not reasonably limited in scope and subject matter. The summons is overly broad on its face in that it commands Pyper to produce the following (with respect to the client files of Petitioner dba TaxTyme):

> "*1. Copies of client returns;*
>
> *2. Records related to client's personal information (Copies of Driver's Licenses, Social Security Cards, ID cards, **dependent information, income and expense records related to deductions, etc.**;*
>
> 3. Records related to refund anticipation loans (applications, copies of checks, etc.);
>
> 4. Records of payments received from clients;
>
> 5. Correspondence with clients, Household Bank and the Internal Revenue Service." (Emphasis added)

---

[1] This is the third time a summons has been issued by the Internal Revenue Service for this information. The first summons, demanding the same information and access to Petitioner's client files was issued to Petitioner on October 14, 2005, but has apparently been withdrawn when it was disclosed that the files were then in Pyper's possession. A second summons was issued on December 13, 2005, and delivered to Petitioner on December 15, 2005. There has been no indication from any of Petitioner's clients that appropriate notice was given to them within 3 days after each summons was served, notwithstanding such notice is required under §7609(a) of the Code.

The summons does not list the names of the clients or otherwise identify them with any particularity. In fact, it essentially requires the delivery of **every document of every client** of Petitioner for whom a file has been generated and maintained. Demanding **and seeking** access to an individual taxpayer's file is tantamount to an audit of such taxpayer, but in this instance it is being conducted in such a way that the taxpayers (i.e., Petitioner's clients) do not know nor have they received the requisite notice that their returns have been selected for examination. Consequently, the summons does not comply with the authority granted the Internal Revenue Service for the examination of a taxpayer's books and records pursuant to §7602 (a) of the Code. Moreover such behavior is specifically prohibited by §7602(c) of the Code, which states, "Any officer or employee of the Internal Revenue Service may not contact any person *other than the taxpayer* with respect to the determination or collection of the tax liability of such taxpayer without providing reasonable notice in advance to the taxpayer that contacts with persons other than the taxpayer may be made." (emphasis added) This is pernicious behavior[2] and the worst kind of fishing expedition because it is the equivalent of an illegal search and seizure, in violation of the respective clients' constitutional rights against such government intrusion and prevents them from exercising their statutory right to intervene pursuant to §7609(b) of the Code.

5. The Respondent already has much of the information that is the subject of the summons. It does not need copies of the taxpayer returns because the original tax returns of Petitioner's clients have been submitted to Respondent and are currently in its possession. The same applies to all correspondence sent by Respondent to Petitioner. The Respondent, through its employee, Jeanne S. Armstrong, C.P.A. (ID No. 72-19009), previously reviewed the files of Petitioner's clients in an earlier improper examination conducted on TaxTyme's

---

[2] Since the client files of Petitioner contain personal and confidential information not otherwise available to Respondent unless he gives formal notice to the client of an intended examination, the Respondent's attempt to secure access to these files must be construed as nothing less than a back door attempt by the Respondent to investigate all of Petitioner's clients so as to identify those taxpayers it **suspects** MAY have submitted erroneous information and whose returns it MAY want to formally select for examination **prior to the time** the Respondent is obligated to notify the taxpayer of an intended examination under §7602(c) of the Code.

premises without the knowledge of Petitioner's clients. Additionally, the Respondent's employee, Special Agent Louie E. Wilson, Jr., met previously with the Petitioner–without the presence of legal counsel–and in an effort to extract some admission of wrongdoing represented to Petitioner that he, Wilson, already had files in his possession which implicated Petitioner in some criminal act, the substance of which has yet to be disclosed to Petitioner or his attorney. However, §7605(b) of the Code provides that "no taxpayer shall be subjected to unnecessary examination or investigation" and restricts the Internal Revenue Service to only one inspection of a taxpayer's books "for each taxable year *unless the taxpayer requests otherwise or unless the Secretary, after investigation, notifies the taxpayer in writing that an additional inspection is necessary.* (emphasis added) It is the Petitioner's contention that Respondent has already conducted an examination of each of his clients' files and is not entitled to another review of any one of those files unless specifically and directly requested by Petitioner or the respective client to do so or unless the Respondent has informed the client in writing of its intent to scrutinize the file for a second time. Since the Respondent has not complied with the clear language of the Code, the issuance of a summons in this matter is inappropriate.

6. The summons has not been issued in good faith, but with the debilitating, pejorative intent **both** of conducting a criminal investigation against the Petitioner and of driving the Petitioner out of business. First, sending Ms. Armstrong to Petitioner's place of business to go through the Petitioner's files during the period when he was engaged in tax return preparation and insisting that such investigation take place on TaxTyme's premises in plain view of the Petitioner's clients has a chilling affect on the Petitioner's business. Second, to follow up the on site investigation with a summons for all the clients' files or records, essentially requiring a "second look", seems to have as its only purpose the harassment of the Petitioner and the interference with and/or discouragement of future business relations between the Petitioner and his clients. Coupled with the fact that the criminal investigation division of the I.R.S. is involved in this matter provides prima facie

support for the proposition that the information sought has the **duel purpose or effect** of undermining the Petitioner's ability to continue to keep and attract clients for his business while attempting to build a criminal case for his prosecution. The attempt to secure **all** of the Petitioner's client files constitutes an act of bad faith, clearly manifesting an attitude of hostility toward the Petitioner, a disregard for the rights and privacy of the Petitioner's clients, and a premeditated abuse of process by exceeding the authority granted the Respondent for the examination of taxpayers' books and records without appropriate notice and the issuance of a summons under the governing provisions of the Code.

7. Further, the files were delivered to Pyper in part as documentation needed in an ongoing effort to adequately represent the Petitioner and to prepare a defense for such legal eventualities as may arise or be asserted through Respondent's actions. Delivering these records to the Respondent or its employee, Agent Wilson, or requiring Pyper to provide copies of various documents contained in the Petitioner's client files undermines Pyper's ability to give legal counsel and advice to Petitioner and constitutes an unnecessary burden on Pyper, who is a sole practitioner and does not have the requisite secretarial or clerical personnel available to comply with the demands of the summons.

8. The Court should quash the subject summons also because it requires disclosure of irrelevant private and confidential information about Petitioner's clients who are in no way related to the Respondent's investigation. Congress added §7602(c) of the Code in 1998 to protect taxpayers from "secret" examinations of taxpayer's records and from such concomitant behavior as has been manifested by Respondent through its employees. The privacy interests of Petitioner's clients far outweigh the intrusion that this overly broad summons will necessarily entail. Furthermore, the subject summons may also require disclosure of proprietary information under Rule 45.

9. Finally, it should be noted that the Respondent's investigative power is not limitless. To obtain enforcement of the summons, Respondent must satisfy a four-pronged burden of proof, viz:

   a. the investigation will be conducted pursuant to a legitimate purpose;

   b. the inquiry will be relevant to that purpose;

   c. the information sought is not already in the I.R.S.'s possession; and

   d. the I.R.S. has taken the administrative steps necessary to the issuance of a summons.[3]

Since the Respondent does not meet the requirements described herein, the summons it has issued should be quashed.

10. For the reasons set forth above, the subject summons is due to be quashed pursuant to §7609 of the Code and Federal Rule Civil Procedure 45.

WHEREFORE, Petitioner respectfully requests the Court grant his Petition to Quash the summons to Mr. Richard L. Pyper issued on December 13, 2005.

                                    Richard L. Pyper, Attorney for
                                    Tommy Jordan

OF COUNSEL:
Richard L. Pyper, J.D., C.P.A.
P. O. Box 11706
Montgomery, Alabama 36111-0706
ASB-2669-E68R
Telephone (334) 273-0040
Facsimile (334) 288-8080

---

[3] See U.S. v. Powell, 79 US 48; 85 S Ct. 248 (1964)

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served a copy of the foregoing Petition upon all parties to this matter by delivering a copy to the Leura Garrett Canary, Esq., United States Attorney for the Middle District of Alabama, One Court Square, Suite 201, Montgomery, Alabama 36104 and by placing a copy via certified U.S. Mail, addressed to the United States Attorney General of the United States, Department of Justice, 10th & Constitution Ave., Washington, D.C. 20530

Richard L. Pyper

petn2qshsummns2.tjordan
1/04/2005.1