IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

RECEIVED

2006 MAR 22 P 2: 17

| | |
|---|---|
| TOMMY JORDAN ) | |
| ) | Civil No. 2:06-mc-3279-F |
| Plaintiff ) | |
| ) | |
| v. ) | |
| ) | |
| UNITED STATES of AMERICA ) | |
| | |
| Respondent | |

**PETITIONER'S RESPONSE TO UNITED STATES' MOTION
TO DENY PETITION TO QUASH AND TO GRANT
CROSS-PETITION FOR ENFORCEMENT**

Tommy Jordan, by and through his undersigned counsel, respectfully requests this court to deny: i) Respondent's motion for an order denying Petitioner's Petition to quash the I.R.S. summons issued to Richard L. Pyper ("Pyper"); and ii) Respondent's Cross Petition for Enforcement of its summons.

**STATEMENT OF FACTS**

1. Petitioner reaffirms the facts as presented in his Petition dated January 4, 2006.

2. As described in the second paragraph of Respondent's Motion, "Special Agent Wilson seeks copies of returns that Jordan prepared for clients and retained in his possession, copies of records that Jordan obtained from his clients in the process of preparing those returns, records relating to the "refund anticipation loans" made by Tax Tyme, records of payments received from clients, and copies of Jordan and Tax Tyme's correspondence with clients, with Household Bank, and with the I.R.S."

3. As presented in paragraph 9. of Special Agent Wilson's Declaration, one of the purposes of the summons is to review "copies of printouts of the 2004 federal income tax

returns prepared by Tommy Jordan, doing business as Tax Tyme, *which might include handwritten notes or changes.*" (Emphasis added)

4. Petitioner employed several persons to assist him in the preparation of his clients' tax returns, but he actually prepared only a small percentage of the tax returns that were done under the auspices of Tax Tyme.

5. The investigation of Petitioner has severely impaired his attempt to continue in business, has impaired his relationship with one or more of the banks with whom he was able to offer advance refund loans, and has resulted in intentional, protracted delays by the Internal Revenue Service in the processing of his client's tax returns. See Affidavit attached.

6. Until Monday, March 20, 2006, Petitioner owed a significant amount of money to Pyper for services already rendered for and on his behalf; however, such indebtedness has now been satisfied, but Petitioner has maintained his engagement and intends to continue to seek Pyper's services and will owe him for such services as may be provided after March 20, 2006. See Affidavit attached.

7. The revenue agent sent by the Internal Revenue Service to examine Petitioner's records spent an entire day in the Petitioner's offices and reviewed every client file then in possession of Petitioner but never notified any of Petitioner's clients that such an examination was going to be conducted, nor has Respondent notified any of Petitioner's clients that a summons was issued to Petitioner or to Pyper for access to all of such clients' records contained in Petitioner's files. See Affidavit attached.

8. At the time Petitioner was engaged in business as Tax Tyme he was a participant in the "Authorized IRS *e-file* Provider of Individual Income Tax Returns" and is subject to the terms and conditions of such program. See Affidavit attached.

## ARGUMENT

**1. The scope and purpose of this investigation is an unauthorized fishing expedition.**

By its own admission and the statement of Special Agent Wilson, Respondent is engaged in an examination of not only Petitioner but also Petitioner's clients. However, no

contact or notice has been given to a single one of Petitioner's clients in violation of several provisions of Section 7602 of the Internal Revenue Code of 1986, as amended. As alleged in Petitioner's Petition to Quash, the Internal Revenue Service has determined to examine taxpayers records without the knowledge or consent of such taxpayers through the ruse of an administrative investigation of Petitioner. Moreover, if the IRS had formally notified any of Petitioner's clients that his or her income tax return was being audited and it sought the same records it is demanding from Pyper and Petitioner, it would have had to follow the notice requirements of Section 7609 of the Internal Revenue Code of 1986, as amended.

**2. The Internal Revenue Service has not complied with its own guidelines respecting the Authorized *e-file* Provider program.**

Chapter 3 of the Handbook for Authorized IRS *e-file* Provider of Individual Income Tax Returns, copy attached, at page 28, contains a detailed description of the record keeping and documentation requirements of each Electronic Return Organization ("ERO"), i.e. *e-file* Provider such as Petitioner. It further indicates the scope of the examination that the IRS may conduct of an ERO as follows:

> "EROs must retain and make available to the IRS upon request, until the end of the calendar year in which a return was filed, *the following material* at the business address from which the return was originated. An ERO may retain the required records at the business address of the Responsible Official during any period of time the office is closed.
> ● A copy of signed From 8453, any supporting documents that are not included in the electronic return data and copies of Forms W-2, W-2G, and 1099-R;
> ●A copy of signed IRS *e-file* consent to disclosure forms for taxpayers who signed using an electronic signature;
> ●A complete copy of the electronic portion of the return that can be readily and accurately converted into an electronic transmission that the IRS can process; and
> ●The acknowledgment file for IRS accepted returns."

It is evident that the IRS investigation goes far beyond the examination of the process and procedures the Petitioner was required to follow as an ERO and is tantamount to an income

tax audit of each of Petitioner's clients. Although the IRS is authorized to conduct as many income tax audits as it pleases, it has not followed established rules laid out in Section 7602 for the examination of taxpayers.

**3. The IRS has not yet complied with a Freedom of Information Act request submitted by Petitioner on November 1, 2005.**

In order to ascertain the scope and authority for an IRS examination of an ERO Petitioner filed a formal request for information under the Freedom of Information Act, 5 U.S.C.552 ("FOIA"), a copy of which is attached. To date, the IRS has failed to produce a single document and has sent Petitioner's counsel several letters indicating that it needs additional time in which to comply with Petitioner's request. (See attached letters.) It is important to find out exactly what policy and procedures the IRS has adopted and the legal, administrative basis it relies upon for such policies and procedures before this Court should be asked to deny Petitioner's Petition to Quash or to order the enforcement of any outstanding summons. Consequently, this Court should take no action until the IRS has complied with Petitioner's FOIA request.

## CONCLUSION

The Government's request should be denied because the summons at issue is overly broad in its scope and the Government has not complied with the notice requirements established for the protection of taxpayers under provisions of the Internal Revenue Code of 1986, as amended, nor has it provided relevant information pertinent to its practices and procedures regarding Authorized *e-file* Providers.

WHEREFORE, Petitioner respectfully requests the Court NOT grant Respondent's Cross Petition for Enforcement and grant Petitioner's Motion to Quash the summons issued to Mr. Richard L. Pyper on December 13, 2005.

_____
Richard L. Pyper, Attorney for
Tommy Jordan

OF COUNSEL:
Richard L. Pyper, J.D., C.P.A.
P. O. Box 11706
Montgomery, Alabama 36111-0706
Telephone: (334) 273-0040
Facsimile: (334) 288-8080

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served a copy of the foregoing Petition upon all parties to this matter by delivering a copy to the Leura Garrett Canary, Esq., United States Attorney for the Middle District of Alabama, One Court Square, Suite 201, Montgomery, Alabama 36104 and by placing a copy via certified U.S. Mail, addressed to the United States Attorney General of the United States, Department of Justice, 10th & Constitution Ave., Washington, D.C. 20530

_____
Richard L. Pyper

rspns2IRSanswer&motion1.tjordan
3/22/2006.1