IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

RECEIVED
2006 MAY -2 P 4: 01
DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

| | |
|---|---|
| TOMMY JORDAN | ) |
| | ) Civil No. 2:06-mc-3279 |
| Plaintiff | ) |
| | ) |
| v. | ) |
| | ) |
| UNITED STATES of AMERICA | ) |
| | |
| Respondent | |

---

### PETITIONER'S OBJECTION TO JUDGE DELORES R. BOYD'S REPORT AND RECOMMENDATION TO DENY PETITIONER'S MOTION TO QUASH AND TO GRANT RESPONDENT'S CROSS-PETITION FOR ENFORCEMENT

Tommy Jordan, by and through his undersigned counsel, respectfully objects to Judge Boyd's Report and Recommendation for an order denying Petitioner's Petition to quash the I.R.S. summons issued to him on October 14, 2005, and granting Respondent's Cross Petition for Enforcement of its summons.

### STATEMENT OF FACTS

1. Petitioner is not in possession of the documents required to be produced pursuant to the summons issued to him on October 14, 2005, and therefore cannot comply with the portion of said summons concerning such documents. See Petitioner's Affidavit attached hereto as Exhibit A.

### ARGUMENT

**1. The Petitioner should not be ordered to produce documents he does not have.**

As presented in the Petitioner's Affidavit and as asserted in prior filings with the Court, the documents sought via the summons issued to Petitioner on October 14, 2005, are contained in the client files delivered to Petitioner's attorney, Richard L. Pyper, in August, 2005, prior to the date the summons was issued to Petitioner. Consequently, Petitioner

cannot comply with that part of the summons that requires him to produce documents no longer in his possession.

**2. The summons as issued does not comply with the third party summons rules contained in the Internal Revenue Code of 1986, as amended.**

As alleged in Petitioner's Petition to Quash, the Internal Revenue Service has determined to examine certain taxpayers records without the knowledge or consent of such taxpayers through the ruse of an administrative investigation of Petitioner. The proper procedure to follow when seeking taxpayer information from a custodian of a taxpayer's records, such as Petitioner, is to follow the notice requirements of Section 7609 of the Code.

## CONCLUSION

The Government's request should be denied, to the extent it requires more than an appearance to give testimony before Special Agent Wilson because Petitioner no longer is in possession of the documents sought pursuant to October 14, 2005, nor does he have control over their disposition at this time. Further, the October 14, 2005, summons, to the extent it requires Petitioner to produce records that pertain to individual clients and are contained in the files maintained by Petitioner for such clients, should not be enforced because the Respondent has not complied with the notice requirements of the Code for a third party summons.

WHEREFORE, Petitioner respectfully requests the Court NOT grant Respondent's Cross Petition for Enforcement to the extent it requires Petitioner to produce documents and records he does not have.

_____
Richard L. Pyper, Attorney for
Tommy Jordan

OF COUNSEL:
Richard L. Pyper, J.D., C.P.A.
P. O. Box 11706
Montgomery, Alabama 36111-0706
Telephone: (334) 273-0040
Facsimile: (334) 288-8080

## CERTIFICATE OF SERVICE

      I hereby certify that I have this day served a copy of the foregoing Petition upon all parties to this matter by delivering a copy to the Leura Garrett Canary, Esq., United States Attorney for the Middle District of Alabama, One Court Square, Suite 201, Montgomery, Alabama 36104 and by placing a copy via certified U.S. Mail, addressed to the United States Attorney General of the United States, Department of Justice, 10th & Constitution Ave., Washington, D.C. 20530

                                                          Richard L. Pyper