IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| TOMMY JORDAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 2:06-mc-3279-MEF |
| | ) | [wo] |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

**AMENDED RECOMMENDATION OF THE MAGISTRATE JUDGE**
[for clarification of Conclusion at Part III]

Upon consideration of the *Petitioner's Objection to Judge Delores R. Boyd's Report and Recommendation to Deny Petitioner's Motion to Quash and to Grant Respondent's Cross-Petition for Enforcement* (Doc. 9, May 2, 2006), the Magistrate Judge deems it appropriate to amend the Conclusion in the Recommendation in order to clarify its rulings on the two separate summonses in controversy.

The Petition filed by Jordan sought to quash the December 13, 2005, issued by the Internal Revenue Service to his lawyer, Richard L. Pyper. The United States' Motion to Deny Petition to Quash and to Grant Cross-Petition for Enforcement (Doc. 5, March 6, 2006) stated two objectives: first, to oppose Jordan's motion to quash the summons to his lawyer, and second, to compel the enforcement of an October 14, 2005 summons issued to Jordan for the same records. The parties' submissions reflect no dispute that Jordan responded to his initial subpoena by advising that he transferred all the records to his lawyer.[1] Irrespective of the present custodian of the records, the

---

[1]As noted in the Recommendation at 3, n. 3, Jordan represented in his Petition:

(continued...)

Motion and the Cross-Motion required that the Magistrate Judge determine the legal propriety of both the summons to Jordan on October 14, 2005, and the summons to Atty. Pyper on December 13, 2005. Jordan's first-specified objection to the Recommendation is that he should not be ordered to produce documents he does not have.[2] That objection does not undermine the propriety of the analysis underlying the conclusion that the October 14, 2005 summons to Jordan – the subject of the United-States' Cross-Motion – is due to be enforced. Nor does this objection undermine the propriety of the analysis underlying the conclusion that the December 13, 2005 summons to Atty. Pyper – the subject of Jordan's motion to quash – is due to be enforced. Accordingly, the Magistrate Judge amends the Recommendation solely to clarify the effect of its rulings on each summons – consistent with the analysis in the Recommendation – by vacating the first paragraph of the conclusion stated at p. 12 (section III of the Recommendation) and substituting therefor the following:

---

[1](...continued)
"The first summons, demanding the same information and access to Petitioner's client files was issued to Petitioner on October 14, 2005, but has apparently been withdrawn when it was disclosed that the files were then in Pyper's possession." (*Pet*. at 2, n.1). The United States Answer and Cross-Petition filed March 6 (Doc. 4) attached the Affidavit of IRS Agent Louie Wilson, who reported his service of the summons directed to Jordan (¶ 3) as well as the response received from Jordan's lawyer, in the form on an October 27, 2005 letter from Richard L. Pyper, advising in pertinent part: "With respect to documents you have requested, the taxpayer is no longer in possession of them, having delivered them to the undersigned prior to the date of your summons as collateral for an unpaid debt and for such other valid, legal purposes as are applicable, including but not limited to the attorney client privilege." (¶ 4, ex. 2).

[2]Jordan's second argument – that the summons as issued does not comply with the third party summons rules contained in the Internal Revenue Code of 1986 – does not specify by reference to case law or other legal support any error in the court's analysis of this contention.

———————

### III.

### CONCLUSION

Pursuant to the foregoing discussion, it is the Recommendation of the Magistrate Judge that

1. the *Petition to Quash Third Party Summons*, docketed as a *Motion to Quash* (Doc. 1), be DENIED, with the effect of granting the United States' Motion to Deny the Petition to Quash and thereby allowing the Internal Revenue Service to enforce the Third Party Summons issued on December 13, 2005, to Richard L. Pyper; and

2. the United States' *Cross-Petition for Enforcement*, docketed as a *Motion* (Doc 5)[3], be GRANTED, with the effect of allowing the Internal Revenue Service to enforce the summons issued to Jordan on October 14, 2005, to the extent that compliance is possible.

———————

BECAUSE THIS AMENDMENT DOES NOT CHANGE THE SUBSTANTIVE ANALYSIS OF THE RECOMMENDATION, and instead only clarifies the conclusion in response to an objection, no additional time for objections is warranted. Accordingly, the Magistrate Judge thus refers the Recommendation (Doc. 8) as hereby amended, as well as the Objection, for review

---

[3] The Clerk docketed the pleading – styled *United States' Motion to Deny Petition to Quash and to Grant Cross-Petition for Enforcement* – as a *Motion to Dismiss Petition to Quash and to Grant Cross-Petition for Enforcement*. Having denied the *Motion to Quash* after considering the opposition styled *"motion to deny petition"*, the court discerned no reason to consider this pleading as a separate *Motion to Dismiss the Petition*. The original Recommendation incorrectly referenced the United States' Cross-Motion as Doc.4, duly docketed as the *Answer* though the United States styled the pleading, *Answer and Cross-Petition to Jordan's Petition to Quash Third Party Summons*.

and final action by the District Judge.

DONE THIS 8TH DAY OF May , 2006.

/s/ Delores R. Boyd  
Delores R. Boyd  
United States Magistrate Judge