IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| TOMMY JORDAN, ) | |
| ) | Civil No. 2:06mc3279-F |
| Petitioner, ) | |
| ) | |
| v. ) | |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**UNITED STATES' RESPONSE TO PETITIONER'S OBJECTION
TO MAGISTRATE JUDGE'S RECOMMENDATION**

The United States of America, by and through its undersigned counsel, hereby responds to Petitioner Tommy Jordan's objection to Magistrate Judge Delores Boyd's Report and Recommendation filed in the above-referenced proceeding April 18, 2006 and amended May 8, 2006.

**STATEMENT OF FACTS**

Internal Revenue Service Special Agent Louie Wilson ("Wilson") is conducting a criminal investigation into the federal income tax return preparation and filing activities of Tommy Jordan, who does business as "Tax Tyme." (Declaration of Special Agent Wilson "Wilson Declaration" at ¶ 2, Docket Entry No. 5, Ex. .) Special Agent Wilson is inquiring into the question whether Jordan violated federal tax laws for the 2004 tax year. (Id.)

Special Agent Wilson is seeking documents from Jordan to aid the criminal investigation. In particular, Special Agent Wilson seeks copies of returns that Jordan prepared for clients and

retained in his possession, copies of records that Jordan obtained from his clients in the process of preparing those returns, records relating to "refund anticipation loans" made by Tax Tyme, records of payments received from clients, and copies of Jordan and Tax Tyme's correspondence with clients, with Household Bank, and with the IRS.  (Wilson Declaration at Exs. 1 and 3.)  In order to obtain these records, Special Agent Wilson has issued three administrative summonses, two of which are at issue in this proceeding.  The two summonses at issue request the same documents, which were described above.

Special Agent Wilson issued the first summons on October 14, 2005 to Jordan.  (Wilson Declaration at ¶ 3 and Ex. 1.)  The summons directed Jordan to appear before Special Agent Wilson on October 25 and to produce the documents.  (Id. at Ex. 1.)  Jordan failed to comply with that summons; that is, he failed to appear before Special Agent Wilson and he failed to produce the requested documents.  Instead, Special Agent Wilson received a letter from attorney Richard L. Pyper dated October 27, 2005.  (Id. at Ex. 2.)  Pyper represented that Jordan would refuse to give testimony because "he has already met with you one time and answered your inquiries without the benefit of attending legal counsel."  (Id.)  Pyper also represented that Jordan did not possess the documents that had been requested in the summons.  In that regard Pyper stated:  "the taxpayer is no longer in possession of [the documents], having delivered them to the unde[r]signed **prior to the date of your summons** as collateral for an unpaid debt and for such other valid, legal purposes as are applicable, including but not limited to the attorney client privilege."  (Id.)

Special Agent Wilson then issued two summonses to Attorney Pyper.  One of those was withdrawn because of a defect in service.  The latter summons was issued on December 13, 2005

and it directed Pyper to appear in January 2006 and give testimony and produce the records that have been previously described. (Wilson Declaration at ¶ 6 and Ex. 3.) Special Agent Wilson provided notice of that summons to Jordan. (Id. at ¶ 7.) Pyper appeared before Special Agent Wilson on January 9, 2006 and advised Special Agent Wilson that no documents would be produced. (Id. at ¶ 8.) Pyper advised Special Agent Wilson that Jordan was instead filing a petition to quash the summons issued to Pyper. (Id.)

On January 4, 2006, Jordan filed the instant case, and seeking to quash the summons that Special Agent Wilson served on attorney Pyper. Pyper is actively representing Jordan in this proceeding. Jordan argued in his petition to quash that the Court should not enforce the summons for a number of reasons. First, Jordan contended that the IRS should be required to give notice to all of Jordan's Tax Tyme clients pursuant to 26 U.S.C. § 7609(a)(1). Second, Jordan contended that the summons was unduly broad and demonstrated "pernicious behavior and the worst kind of fishing expedition." Third, Jordan contended that, to the extent that Tax Tyme's clients filed their original 2004 federal income tax returns, the IRS already had the originals and therefore no need for Jordan's retained copies. Fourth, Jordan contended that the IRS issued the summonses in bad faith with an intent to harass Jordan and his clients. Fifth, Jordan contended that his attorney, Pyper, needs the documents in order to defend Jordan during the course of the criminal investigation. Finally, Jordan contended that the IRS could not generally satisfy all four elements established by United States v. Powell, 79 U.S. 48 (1964), for the enforcement of an IRS summons.

The United States opposed Jordan's petition to quash the summons served on Pyper, and it also sought an order directing Jordan to comply with the first summons that was served on Jordan,

asserting that the United States has satisfied the four Powell elements with respect to both summonses. The United States also asserted that the other arguments contained in Jordan's petition lacked merit, including the argument that Jordan could not be forced to comply with the summons served upon Jordan because he gave the records at issue to Pyper. The United States asserted that Jordan still had control over the records even though they were in Pyper's possession, because Jordan could simply direct Pyper to turn them over to the IRS.

The Magistrate Judge filed her Recommendation on April 18, 2006, concluding that Jordan's petition to quash the summons issued to Pyper should be denied and the United States cross-petition to enforce the summons issued to Jordan should be granted. The Magistrate Judge concluded that the United States had made a prima facie showing with respect to the four Powell elements and that Jordan had failed to refute with evidence the United States' prima facie showing on each of the four Powell elements. The Magistrate Judge also rejected other arguments made by Jordan. On May 8, 2006, the Magistrate Judge filed an Amended Recommendation to "clarify its rulings on the two separate summonses in controversy." (Amended Recommendation of the Magistrate Judge, p. 1.) The Amended Recommendation states that:

> Pursuant to the foregoing discussion, it is the Recommendation of the Magistrate Judge that 1. the *Petition to Quash Third Party Summons*, docketed as a *Motion to Quash* (Doc. 1), be DENIED, with the effect of granting the United States' Motion to Deny the Petition to Quash and thereby allowing the Internal Revenue Service to enforce the Third Party Summons issued on December 13, 2005, to Richard L. Pyper; and 2. the United States' *Cross-Petition for Enforcement*, docketed as a *Motion* (Doc. 5), be GRANTED, with the effect of allowing the Internal Revenue Service to enforce the summons issued to Jordan on October 14, 2005, to the extent that compliance is possible.

(Amended Recommendation of the Magistrate Judge, p. 3.)

On May 2, 2006, Petitioner filed his objection to the Magistrate Judge's Recommendation. In that objection, with respect to the summons issued to Jordan, Jordan asserts that he does not have the records at issue in his possession and therefore should not be required to produce them. In addition, Petitioner asserts that with respect to summons issued to Jordan, the IRS is seeking to examine taxpayer records without providing notice allegedly required by 26 U.S.C. § 7609. Petitioner requests that the Court not grant the United States' Cross-Petition for Enforcement.

The United States now files this response to Petitioner's objection to the Magistrate Judge's Recommendation.

ARGUMENT

The United States hereby incorporates the arguments contained in the United States' Motion to Deny Petition to Quash and to Grant Cross-Petition for Enforcement (Docket Entry No. 5) in response to Petitioner's objection to the Magistrate Judge's Recommendation. In addition, the United States responds to Petitioner's objection to the Magistrate Judge's Recommendation as follows.

1.      **Jordan controls the records**

Jordan objects to the Magistrate Judge's Recommendation that the United States' Cross-Petition for Enforcement regarding the summons issued to Jordan should be granted, on the grounds that he does not have the records in his possession and therefore can not be forced to produce them. That argument is without merit. It is well settled that a taxpayer must comply with an IRS summons if he is in possession of the requested documents or otherwise controls them. See United States v. Howard, 360 F.2d 373 (3rd Cir. 1966). Jordan may not refuse to comply with a summons merely because his attorney is holding the records. All Jordan needs to do is

direct that his attorney release the records to the IRS, since those records remain within his control.

Attorney Pyper suggested in Exhibit 2 to the Petition to Quash Third Party Summons that he is holding those records as some sort of collateral and that somehow permits his client to disregard an IRS summons. In Petitioner's Response to United States' Motion to Deny Petition to Quash and to Grant Cross-Petition for Enforcement, Petitioner states that "[u]ntil Monday, March 20, 2006, Petitioner owed a significant amount of money to Pyper for services already rendered for and on his behalf; however, such indebtedness has now been satisfied, but Petitioner has maintained his engagement and intends to continue to seek Pyper's services and will owe him for such services as may be provided after March 20, 2006. See Affidavit attached." Therefore, Petitioner now argues that Pyper is keeping the records as collateral for future debts. Rule 1.15 of the Alabama professional conduct rules require an attorney to safeguard client records. Moreover, even if Pyper had been discharged as Jordan's attorney, which he has not, he would still be obliged to return Jordan's business records.

In its Motion to Deny Petition to Quash and to Grant Cross-Petition for Enforcement, the United States stated that: "If Pyper has refused Jordan's request to release Jordan's records to the IRS, Jordan should state that fact clearly and provide Pyper's basis for refusing that request. If Attorney Pyper believes it within his authority to refuse to release client records upon request of the client, then that fact needs to be made clear so that the Government can determine whether legal action is required to be taken directly against Mr. Pyper." (Id. at p. 16.) Neither Jordan nor Pyper responded to this request, evidencing the fact that Jordan could have Pyper turn these records over to the IRS simply by directing that Pyper do so.

**2.     Notice of the Summons Allegedly Needed to be Provided to Petitioner's Clients**

Jordan next objects to the Magistrate Judge's Recommendation on the grounds that, under 26 U.S.C. Section 7609, notice of the summons needed to be provided to Jordan's clients. Section 7609(a)(1) provides that "If any summons to which this section applies requires . . . the production of any portion of records made or kept on or relating to . . . any person (other than the person summoned) who is identified in the summons, then notice of the summons shall be given to any person so identified . . . ."  Because this notice requirement only applies to persons identified in the summons, and no specific clients of Jordan are identified, notice is not required under Section 7609(a)(1).  In fact Jordan concedes that "[t]he summons does not list the names of the clients or otherwise identify them with any particularity."  (Petition to Quash at ¶ 4.)

**3.     Petitioner Does Not Object to the Recommendation to Deny the Petition to Quash the Summons Issued to Pyper**

Petitioner states that he objects to the Magistrate Judge's "Recommendation for an order denying Petitioner's Petition to quash the I.R.S. summons issued to him [Jordan] on October 14, 2005. . . ." (Petitioner's Objection, p. 1.)  However, Petitioner originally petitioned to quash the summons issued to Pyper on December 13, 2005, not the summons issued to himself on October 14, 2005.  Moreover, Petitioner does not provide any reason for his objection to the Magistrate Judge's Recommendation concluding that Petitioner's Petition to Quash should be denied.  Therefore, Petitioner has failed to object to that portion of the Magistrate Judge's Recommendation to deny the Petition to Quash Third Party Summons issued on December 13, 2005 to Pyper.

## CONCLUSION

The Petitioner's objections to the Magistrate Judge's Recommendation should be rejected, the Recommendation should be accepted, and the Court should: (1) enter an order denying Jordan's petition to quash the summons served on Pyper, (2) enter an order directing Jordan to comply with the first summons served on Jordan, and (3) provide such further relief as this Court deems appropriate.

DATED this 16th day of May 2006.

> LEURA G. CANARY
> United States Attorney
>
> /s/ James T. Lyons
> James T. Lyons
> Trial Attorney, Tax Division
> U.S. Department of Justice
> P.O. Box 14198, Ben Franklin Station
> Washington, D.C.  20044
> Telephone: (202) 514-5880
> Fax: (202) 514-9868
> james.t.lyons@usdoj.gov

**CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that on this 16th day of May 2006, I electronically filed the foregoing with the Clerk of the Court using the CMF/ECF system, and I hereby certify that I have mailed by United States Postal Service the foregoing to the following:

Richard L. Pyper
P.O. Box 11706
Montgomery, AL 36111-0706

                                              /s/ James T. Lyons
                                              James T. Lyons